UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THOMAS E. PEREZ, SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR,<br><br>Plaintiff,<br><br>v.<br><br>WORLD HEALTH ALTERNATIVES, INC.,<br><br>and,<br><br>WORLD HEALTH ALTERNATIVES HEALTH AND WELFARE BENEFITS PLAN,<br><br>Defendants. | Civil Action No. _____ |

## COMPLAINT

Plaintiff, Thomas E. Perez, Secretary of Labor, United States Department of Labor, hereby alleges:

### JURISDICTION AND VENUE

1. This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA" or "the Act"), 29 U.S.C. § 1001, *et seq.*, and is brought to obtain relief under Sections 409 and 502 of ERISA, 29 U.S.C. §§ 1109 and 1132, in the form of equitable remedies that will redress violations, obtain appropriate equitable relief for breaches of fiduciary duty under ERISA § 409, 29 U.S.C. § 1109, and obtain such further equitable relief as may be appropriate to enforce the provisions of Title I of ERISA.

2. This Court has subject matter jurisdiction over this action pursuant to Section 502(e)(1) of ERISA, 29 U.S.C. § 1132(e)(1).

3. Venue with respect to this action lies in the United States District Court for the Western District of Pennsylvania, pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2).

4. The World Health Alternatives Health and Welfare Benefits Plan ("the Plan") was established as an employee benefit plan within the meaning of Section 3(3) of ERISA, 29 U.S.C. § 1002(3), and is, therefore, subject to the coverage of the Act pursuant to Section 4(a) of ERISA, 29 U.S.C. § 1003(a). During the relevant time period, the Plan was administered in Pittsburgh, Pennsylvania.

5. World Health Alternatives, Inc. ("WHAI"), is an inactive Florida corporation and the sponsor of the Plan. WHAI had a place of business located in Pittsburgh, Pennsylvania.

6. The relevant time period for this complaint is November 1, 2004 to present.

## THE PARTIES

7. The Secretary, pursuant to Sections 502(a)(2) and (5) of the Act, 29 U.S.C. §§ 1132(a)(2) and (5), has the authority to enforce the provisions of Title I of ERISA by, among other means, the filing and prosecution of claims against fiduciaries and others who commit violations of ERISA.

8. WHAI is the Plan sponsor and, on information and belief, served as the Plan administrator during all or part of the relevant time period. During some or all of the relevant time period, WHAI exercised discretionary authority and discretionary control respecting management of the Plan, exercised authority and control respecting management and disposition of the Plan's assets, and had discretionary authority and discretionary responsibility in the administration of the Plan. WHAI is therefore a fiduciary to the Plan within the meaning of

ERISA § 3(21), 29 U.S.C. § 1002(21), and a party in interest with respect to the Plan within the meaning of ERISA § 3(14)(A), 29 U.S.C. § 1002(14)(A).

9. The Plan is joined as a party defendant pursuant to Rule 19(a) of the Federal Rules of Civil Procedure solely to assure that complete relief can be granted.

## GENERAL ALLEGATIONS

10. On or about November 1, 2004, WHAI established the Plan to provide medical, vision, life, long term disability, and other benefits to its employees.

11. During the relevant period, the Secretary conducted an investigation of the Plan to determine whether the Plan and its administration, and the conduct of the Plan fiduciaries responsible for the Plan, conformed to the requirements of ERISA.

12. On February 20, 2006, WHAI and its subsidiaries filed for Chapter 11 bankruptcy protection.

13. On October 31, 2006, the bankruptcy was converted to a Chapter 7 case.

14. The Secretary's investigation discovered that the Plan failed to pay participant medical claims covered under the terms of the Plan from February 20, 2006 through April 28, 2006, when the Plan was terminated.

15. On April 17, 2007, the Secretary filed a proof of claim in the amount of $747,160.42, representing the total of unpaid medical claims from February 20, 2006 through April 28, 2006, discovered during the Secretary's investigation.

16. The Bankruptcy Court approved the distribution in the amount of $206,230.65 on the Secretary's claim on June 12, 2014.

17. On June 23, 2014, the Secretary amended his claim to clarify and ensure that the payment from the bankruptcy estate be made to the Plan and not to the Secretary or Department of Labor.

18. On June 26, 2014, the Chapter 7 Bankruptcy Trustee issued a check payable to the Plan in the amount of $206,230.65.

19. Since the Plan was terminated on April 28, 2006, neither WHAI nor any of its agents have taken fiduciary responsibility for the Plan and its assets, nor has WHAI or any agent of WHAI appointed anyone to assume said responsibility.

20. No Plan fiduciary has taken action to ensure that the Plan collected money from WHAI in the form of unpaid medical benefits to Plan participants and beneficiaries or distributed those funds to the participants and beneficiaries.

## **VIOLATIONS**

21. Pursuant to Rule 10(c) of the Federal Rules of Civil Procedure, the Secretary adopts by reference the averments and allegations of paragraphs 1-20, inclusive.

22. By the actions and conduct described above, defendant WHAI and its agents:

   a. failed to discharge its duties with respect to the Plan solely in the interest of the participants and beneficiaries and for the exclusive purpose of providing benefits to participants and beneficiaries and defraying reasonable expenses of administering the Plan, in violation of ERISA § 404(a)(1)(A), 29 U.S.C. § 1104(a)(1)(A); and,

   b. failed to discharge its duties with respect to the Plan solely in the interest of the participants and beneficiaries and with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man

acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims, in violation of ERISA § 404(a)(1)(B), 29 U.S.C. § 1104(a)(1)(B).

## PRAYER FOR RELIEF

WHEREFORE, the Secretary prays that this Court enter an Order:

A.  Removing defendant WHAI from all fiduciary positions with respect to the Plan and appointing an independent fiduciary for the Plan to receive and administer the payment from the bankruptcy estate and distribute those funds to affected Plan participants and beneficiaries; and,

B.      Ordering such further relief as is appropriate and just.

           Respectfully submitted,

           M. Patricia Smith
           Solicitor of Labor

           Linda Thomasson
           Acting Regional Solicitor

           Joanne Roskey
           Counsel for ERISA

           /s/ John M. Strawn
           Attorney
           PA ID # 49789
           Office of the Solicitor
           Suite 630 East, The Curtis Center
           170 South Independence Mall West
           Philadelphia, PA 19106-3306
           Telephone No. (215) 861-5145
           Facsimile No. (215) 861-5162
           strawn.john@dol.gov
           sol.phi.docket@dol.gov

           U.S. DEPARTMENT OF LABOR

BY:    /s/ Michael A. Comber
           Assistant United States Attorney
           PA ID # 81951
           U.S. Department of Justice
           United States Attorney's Office
           700 Grant Street, Suite 400
           Pittsburgh, PA 15219
           michael.comber@usdoj.gov

           Attorneys for Plaintiff

           August 29, 2014